UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 20-1436 JGB (SPx)** | Date | October 16, 2020 |
| Title | *Kevin Massey v. Riverside University Health Systems – Medical Center, et al.* | | |

| | |
|---|---|
| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   Order (1) DENYING Plaintiff's Motion to Remand (Dkt. No. 11); (2) GRANTING Defendant's Motion to Dismiss (Dkt. No. 8); and (3) VACATING the October 19, 2020 Hearing (IN CHAMBERS)

  Before the Court are a Motion to Remand filed by Plaintiff Kevin Massey ("MTR," Dkt. No. 11) and a Motion to Dismiss by Defendant Anthem Blue Cross ("MTD," Dkt. No. 8). The Court finds these matters appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of and in opposition to the motions, the Court DENIES the Motion to Remand and GRANTS the Motion to Dismiss. The Court vacates the hearing set for October 19, 2020.

## I.   BACKGROUND

  On June 4, 2020, Plaintiff filed his Complaint in the Superior Court of the State of California for the County of Riverside against Defendants Riverside University Health Systems – Medical Center, CMRE Financial Services, Inc., Anthem Blue Cross, and Does 1 through 100. ("Complaint," Dkt. No. 1-1.) The Complaint alleges one cause of action for declaratory relief. (Compl. ¶ 18.)

  On July 20, 2020, Defendant Anthem Blue Cross removed the action to federal court, arguing that Plaintiff's claims are completely preempted by Section 502(a)(1)(B) of the Employee Retirement Income Security Act ("ERISA"). ("Notice of Removal," Dkt. No. 1.) In support of its Notice of Removal, Anthem filed the Declaration of Jenna U. Nguyen ("Nguyen

Declaration," Dkt. No. 1-3), and the Declaration of Kathi Loppnow ("Loppnow Declaration," Dkt. No. 1-5).

Defendant filed the MTD on July 27, 2020. Because Plaintiff did not file an opposition by the August 3, 2020 deadline, Anthem Blue Cross filed a notice and reply to Plaintiff's non-opposition on August 10, 2020. ("MTD Reply," Dkt. No. 10.) On August 11, 2020, Plaintiff filed the MTR,[1] along with two supporting declarations: the Declaration of Nolan F. King ("King Aug. 11 Declaration"), and the Declaration of Kevin Massey ("Massey Declaration"). On that same day, Plaintiff filed an opposition to the MTD, simply attaching the MTR "as a basis to deny" the MTD. ("MTD Opp'n," Dkt. No. 12.) On September 2, 2020, Plaintiff filed a Declaration of Plaintiff's Counsel, Nolan F. King, in support of the MTR. ("King Sept. 2 Declaration," Dkt. No. 18.) Defendant opposed the MTR on September 4, 2020. ("MTR Opp'n," Dkt. No. 20.) On September 10, 2020, Defendant filed a reply attaching a Declaration of Nolan F. King ("King Sept. 10 Declaration"). ("MTR Reply," Dkt. No. 22.)

## II.   FACTUAL ALLEGATIONS

On or about February 8, 2019, Plaintiff Kevin Massey was involved in a serious car accident, which required him to be transported by ambulance to Riverside University Health System-Medical Center ("RUHS") for emergency surgery and treatment. (Compl. ¶ 10.) Upon arrival, RUHS checked and verified Plaintiff's insurance information, and approved his treatment eligibility. (Id. ¶ 11.) Plaintiff was admitted and had emergency surgery on his left knee. (Id.) Plaintiff was not informed that there was any issue with his insurance or coverage for the treatment, surgery, or care during his hospital stay or upon discharge. (Id. ¶¶ 11-12.) At the time of his accident, Plaintiff had full insurance coverage with Defendant Anthem Blue Cross ("Anthem"). (Id. ¶ 13.)

Plaintiff experienced complications after the first surgery, and required a second surgery. (Id. ¶ 14.) Plaintiff's second surgery took place at RUHS in 2019. (Id.) When Plaintiff and his fiancé arrived at RUHS, the receptionist verified that Plaintiff was fully covered by his insurance for the second operation, and advised Plaintiff that the charges for the surgery would be covered by Anthem. (Id.) After the second surgery, Plaintiff received bills from RUHS stating that his insurance would not pay the bill owed and demanding that Plaintiff pay the disputed amount of $55,524.89. (Id. ¶ 15.) Plaintiff demanded that Anthem pay the outstanding bill to RUHS, but Anthem refused to pay. (Id. ¶ 16.) RUHS then assigned the disputed $55,524.89 bill for collection to Defendant CMRE Financial Services, Inc. ("CMRE"). (Id. ¶ 17.) CMRE has continuously called and harassed Plaintiff in an attempt to get Plaintiff to pay the disputed bill. (Id.) Defendants placed the disputed bill as a collection on the local credit bureaus, damaging Plaintiff's credit status and reputation. (Id.) CMRE has made multiple harassing phone calls, including threats of lawsuits and credit damage. (Id.)

---

[1] The Court reminds Plaintiff that all motions should comply with Local Rule 11-3.1.1, which requires a 14-point or larger font size.

## III.   LEGAL STANDARD

### A.  Motion to Remand

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a matter to federal court where the district court would have original jurisdiction. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Federal courts have limited jurisdiction, "possessing only that power authorized by Constitution and statute." Gunn v. Minton, 568 U.S. 251, 256 (2013). As such, a defendant may remove civil actions in which a federal question exists or in which complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332.

ERISA Section 502(a)(1)(B) authorizes civil action by a participant or beneficiary to recover benefits due under the terms of a plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan. 29 U.S.C.A. § 1132(a)(1)(B). The purpose of ERISA is to provide a uniform regulatory regime over employee benefit plans. Aetna Health Inc. v. Davila, 542 U.S. 200, 208 (2004). Accordingly, under Section 502, the ERISA civil enforcement mechanism has "extraordinary pre-emptive power" and "converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 65-66 (1987). Therefore, "causes of action within the scope of the civil enforcement provisions of § 502(a) [are] removable to federal court." Id. at 66.

To determine whether a state law claim is within the scope of Section 502(a)(1)(B) and therefore completely preempted by ERISA, the Supreme Court has articulated a two-part inquiry: (1)  whether "an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B)," and (2) whether any "legal duty (state or federal) independent of ERISA or the plan terms is violated." Davila, 542 U.S. at 210. Courts consider the plaintiff's allegations, the statutes on which the state law causes of action are based, and the plan documents. Id. at 211.

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Jackson v. Specialized Loan Servicing, LLC, 2014 WL 5514142, *6 (C.D. Cal. Oct. 31, 2014). Courts must resolve doubts regarding removability in favor of remanding the case to state court. Id.

### B.  Motion to Dismiss

Defendant moves to dismiss pursuant to Federal Rule of Civil Procedure Rule 12(b)(6). A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal

theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). Factual allegations must be enough to "raise a right to relief above a speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Rule 12(b)(6) must be read in conjunction with Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that a pleader is entitled to relief," in order to give the defendant "fair notice of what the claim is and the grounds upon which it rests." Id.; see Horosny v. Burlington Coat Factory, Inc., 2015 WL 12532178, at *3 (C.D. Cal. Oct. 26, 2015). In considering a Rule 12(b)(6) motion to dismiss, a court must accept all material allegations in the complaint — as well as any reasonable inferences to be drawn from them — as true and construe them in the light most favorable to the non-moving party. See Doe v. United States, 419 F.3d 1058, 1062 (9th Cir. 2005); ARC Ecology v. U.S. Dep't of Air Force, 411 F.3d 1092, 1096 (9th Cir. 2005); Moyo v. Gomez, 32 F.3d 1382, 1384 (9th Cir. 1994). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citations omitted). Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id.

Federal Rule of Civil Procedure 15 provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Ninth Circuit has held that "'[t]his policy is to be applied with extreme liberality.'" Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001)). Generally, a "district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks and citation omitted).

## IV.   DISCUSSION

**A.   Motion to Remand**

Plaintiff argues that removal was improper because Section 502(a)(1)(B) of the Employee Retirement Income Security Act ("ERISA") does not preempt his claims. (See MTR.) Plaintiff does not dispute that his health plan is governed by ERISA.[2] (Loppnow Decl. ¶¶ 4-5; MTR Opp'n at 2.) However, in the MTR and supporting declarations, Plaintiff argues that his

---

[2] Anthem notes that although Plaintiff names Anthem Blue Cross as a defendant, the proper entity is Anthem Blue Cross Life and Health Insurance Company. (Opp'n at n.1.)

underlying state action is to enforce Anthem's "oral contract" to pay RUHS for Plaintiff's surgeries, rather than to enforce the terms of his ERISA-governed benefits plan. (MTR at 6, 16; King Aug. 11 Decl. ¶ 4.) Anthem counters that Plaintiff's argument is not supported by the allegations in the Complaint, which sets forth breach of insurance contract claims against Anthem, and that under either theory, Plaintiff's claims fall squarely within the scope of ERISA Section 502. (MTR Opp'n.)

For the reasons described below, the Court agrees with Anthem, and finds that (1) Plaintiff could have brought his claims under ERISA Section 502(a), and (2) no independent legal duty supports Plaintiff's claim. Aetna Health Inc. v. Davila, 542 U.S. 200, 210 (2004). Plaintiff's claims are therefore preempted, and the Court DENIES Plaintiff's MTR.

   1. **Plaintiff's State Law Claims**

In his Complaint, as the underlying basis for declaratory relief, Plaintiff alleges that Anthem breached the insurance contract, and violated California Insurance Code Section 790.03(h)(5) and the implied covenant of good faith and fair dealing. (Compl. ¶ 18.) In the MTR and supporting declarations, however, Plaintiff advances a different theory, arguing that his underlying state action is to "enforce the oral contract" by which Anthem agreed to pay for Plaintiff's surgery and treatment at RUHS. (MTR at 5, 6.) As Anthem argues, through the MTR supporting declarations, Plaintiff attempts to shift the underlying basis of the action from a breach of insurance contract claim to a breach of oral contract claim. (MTR Opp'n at 6.) Anthem argues that Plaintiff's declarations amount to an improper attempt to amend the complaint to effect remand, and that the Court should reject Plaintiff's modifications. (Id. at 5-6.) The Court agrees. As Anthem notes, "when a defendant removes a case to federal court based on the presence of a federal claim, an amendment eliminating the original basis for federal jurisdiction generally does not defeat jurisdiction." (Id. (quoting Rockwell Int'l Corp. v. United States, 549 U.S. 457, 474 n.6 (2007)).) Indeed, "[w]hen considering whether removal was proper, a court must consider the complaint as it existed at the time of removal." Calicraft Distributors, LLC v. Castro, 2015 WL 1789014, at *3 (C.D. Cal. Apr. 17, 2015); see also Williams v. Costco Wholesale Corp., 471 F.3d 975, 976 (9th Cir.2006) ( "We have long held that post-removal amendments to the pleadings cannot affect whether a case is removable, because the propriety of removal is determined solely on the basis of the pleadings filed in state court."). The Court will therefore only consider the Complaint as filed in state court, and decline to entertain Plaintiff's reframed allegations.

   2. **Davila Test**

      a. **Prong One: Claim under Section 502**

The Court first considers whether Plaintiff could have brought the claims against Anthem under Section 502(a)(1)(B). Plaintiff alleges that he was "totally insured and covered" by Anthem insurance when he was first admitted to RUHS and when he was admitted for a second surgery, and that his insurance was "in full force and effect" at the time of his accident. (Compl. ¶¶ 13, 18.) At the time of admittance, RUHS checked Plaintiff's insurance information and his

"treatment eligibility was approved by RIVERSIDE." (Id. ¶ 11.) When he arrived for his second surgery, a RUHS receptionist verified that he was "fully covered by his insurance" and advised him that the charges would be covered by Anthem. (Id.) Plaintiff thereafter demanded that Anthem pay the outstanding bill for his surgeries and treatment at RUHS "**based upon Plaintiff, KEVIN MASSEY'S insurance coverage**," but Anthem has so far refused. (Id. ¶ 16 (emphasis added).) Plaintiff's claims against Anthem therefore only concern its denial of coverage under his ERISA-regulated insurance plan, and his state law claims for payment therefore duplicate the claims available under Section 501(a)(1)(B). Davila, 542 U.S. at 211-12.

Moreover, as Anthem argues, Plaintiff appears to concede the first part of the test. (Opp'n at 3.) Plaintiff merely cites to Montefiore Med. Ctr. v. Teamsters Local 272, 642 F. 3d 321 (2d Cir. 2011), where the Second Circuit held that plaintiff, a provider asserting state law claims against a plan, could have brought his claims as "right to payment" claims under Section 502(a). (Mot. at 13-14.) While Plaintiff fails to apply that case here, as in Montefiore, Plaintiff, a participant in an ERISA-governed plan, is "the type of party that can bring a claim … pursuant to § 502(a)(1)(B)," and could have brought his claims under that section. Montefiore, 642 F.3d at 329. The first Davila prong is met.

### b. Prong Two: Independent Legal Duty

The second prong is also met here because the state law claims underlying Plaintiff's action for declaratory relief do not raise any independent legal duty. Plaintiff's Complaint asserts three state law violations against Anthem: breach of the "subject insurance contract[,]" violation of Cal. Ins. Code § 790.03, and breach of the implied covenant of good faith and fair dealing. (Compl. ¶ 18.) None of these claims raise a legal duty independent of ERISA or the insurance plan terms. Bennett v. Great-W. Life & Annuity Ins. Co., 2009 WL 2575891, at *3 (S.D. Cal. Aug. 18, 2009) (finding that similar common law contract claims were preempted by ERISA); Kanne v. Conn. Gen. Life Ins. Co., 867 F.2d 489, 494 (9th Cir. 1988) (holding that ERISA preempts Cal. Ins. Code § 790.03(h) claims); Gilson v. Macy's, Inc., 2014 WL 94178, at *1 (N.D. Cal. Jan. 9, 2014) (noting same). Notably, Plaintiff does not argue otherwise.

Plaintiff only argues that this case is comparable to Marin General Hosp. v. Modesto & Empire Traction Co., 581 F.3d 941 (9th Cir. 2009), where the Ninth Circuit held that plaintiff's state law claims arose out of an oral contract to pay for patient's medical expenses, independent from any duty under ERISA. That case is distinguishable for several reasons. There, plaintiff, a hospital that provided services to a plan beneficiary, brought a breach of oral contract claim against the plan administrator, arising from a phone conversation where the plan administrator agreed to pay 90% of the patient's hospital charges. Id. at 947. The panel considered that plaintiff did not seek payment in its capacity as assignee of the patient's rights under the ERISA plan, but rather, that it was seeking payment "not owed under the patient's ERISA plan" solely based on the oral agreement. Id. Here, despite Plaintiff's attempt to reframe his claim in similar terms, the allegations against Anthem solely concern the payment owed under the insurance plan. (Compl. ¶¶ 16, 18.) The Complaint does not allege an oral contract between Plaintiff and Anthem, nor does it include any facts supporting any promise or representation by Anthem

independent from the terms of the plan.  (Id.)  Thus, unlike the plaintiff in Marin, the state law claims arise out of Anthem's denial of insurance coverage, rather than from any independent obligation agreed to by Anthem.  Marin, 581 F.3d at 948-50.

**B. Motion to Dismiss**

Anthem moves to dismiss Plaintiff's claims, arguing that (1) Plaintiff's action for declaratory relief is preempted by ERISA; (2) Plaintiff fails to state a claim under ERISA; (3) Plaintiff has failed to exhaust administrative remedies under ERISA; (4) declaratory relief is not available for past wrongs; (5) Plaintiff fails to state a claim for breach of contract; and (6) Plaintiff fails to state a claim for breach of implied covenant of good faith and fair dealing.  (See MTD.)  Under Local Rule 7-9, a party must file opposition papers no later than 21 days before the date designated for the hearing of the motion.  However, Plaintiff failed to submit a timely response.  (See MTD Reply.)  Eight days after the deadline to oppose the MTD, Plaintiff filed a one-page opposition simply attaching the motion to remand "as a basis to deny or continue the Motion to Dismiss."  (MTD Opp'n.)  Plaintiff then filed an ex parte application for extension of time to file an opposition to the MTD, which the Court denied.  (Dkt. No. 17.)  Under Local Rule 7-12, the Court finds Plaintiff has consented to the granting of the MTD.  The Court therefore GRANTS Defendant's MTD.[3]  See Froehlke v. Homecomings Fin. Network, Inc., 2013 WL 12120216, at *3 (C.D. Cal. Dec. 4, 2013) (granting motion to dismiss where plaintiff failed to file timely opposition).

**V.   CONCLUSION**

For the reasons above, the Court DENIES Plaintiff's Motion to Remand and GRANTS Defendant Anthem's Motion to Dismiss.  Defendant Anthem is DISMISSED from the Complaint.  The October 19, 2020 hearing is VACATED.

**IT IS SO ORDERED.**

---

[3] Even if Plaintiff had filed a timely opposition, because, as established above, Plaintiff's state claims are preempted by ERISA Section 502(a)(1)(B), Plaintiff's opposition would also fail on the merits.